KINCHLOE V. BOUNDS.

September 9, 1915.

1.  SPECIFIC PERFORMANCE—*Necessary Allegation and Proof—Case in Judgment.*—In order to sustain a suit for specific performance of a contract, the contract must be clear and definite in its terms and established by plain and satisfactory evidence; the acts of part performance must refer to, result from, or be made in pursuance of the agreement proved, and the agreement must have been so far executed that a refusal of full execution will operate a fraud on the other party and place him in a situation which does not lie in compensation. In the case in judgment there was full performance of the contract on the part of the party seeking performance, accompanied by possession taken in pursuance of the terms of the contract, and its specific performance was rightly decreed.

2.  SPECIFIC PERFORMANCE—*Contract—Failure to State Price—When Immaterial.*—In a suit for the specific performance of a contract for the sale of land, the omission of the contract to state the price agreed to be paid becomes immaterial when it indisputably appears that it has been fully paid.

Appeal from a decree of the Circuit Court of Wise county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*W. S. Mathews* and *John W. Chalkley,* for the appellant.

*Bond & Bruce* and *W. T. Hudgens,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

Appellee, W. B. Bounds, and J. C. Bounds, the principal actors in the transaction under investigation, were brothers and their relations were cordial and confidential. In the years 1906 and 1907 J. C. Bounds became the owner by purchase of two lots, designated as Nos. 16 and 17, of Block 3, in the plan of the town of Big Stone Gap, for each of which he paid $350.00. Shortly after the purchase he improved the property by the erection of a dwelling house and other buildings, and occupied the premises as a home for himself and his wife. Subsequently the brothers made a parol agreement for the sale and purchase of the property, a brief memorandum in writing of which, dated August 10, 1907, is exhibited with the bill. The paper is unskilfully drawn, but contains a special stipulation reserving to J. C. Bounds and wife possession of the house for their lives.

In the latter part of his life J. C. Bounds developed consuption and became an invalid. Thereafter, his brother contributed mainly to his support, and from time to time advanced him money and paid his debts. These contributions and advances, so far as preserved, aggregated $1,088.-91, and the estimated value of the lots with improvements was $1,200 or $1,400, and W. B. Bounds furnished the lumber for building the improvements. The brothers were careless in their business transactions with each other, yet it is clear that the advances and payments made by W. B. Bounds were regarded by both of them as payments on the purchase price of the property. That the whole purchase money was paid appears by a receipt from J. C. Bounds to W. B. Bounds dated January 16, 1908, also exhibited with the bill, in which he acknowledges payment of the balance due on the lots. It moreover appears that J. C. Bounds declared his purpose to convey the property to his

brother and designated a time when he hoped to be able to go to a certain lawyer's office in Big Stone Gap to have the deed drawn, but was prevented by illness, and died suddenly in February, 1908. His wife died in May, 1909. Thereupon, W. B. Bounds took possession of the property and made repairs and improvements thereon, treating it as his own.

At that time he was supposed to be the sole heir of his brother, and apparently there was no occasion to enforce his contractual rights. It was afterwards discovered that appellant, Nora L. Kinchloe, the daughter of decedent by a former marriage in Texas, and who was supposed to be dead, survived him, and in 1913 she brought ejectment to recover the property. Appellee then filed his bill to enjoin appellant from prosecuting the action at law and for specific performance of the contract of sale. From a decree in his favor Nora Kinchloe appealed.

The case lies within narrow limits. Appellant invokes the familiar and settled doctrine in this jurisdiction, that in this class of cases the contract must be clear and definite in its terms, and established by plain and satisfactory proof; and that the acts of part performance must refer to, result from, or be made in pursuance of the agreement proved; also that the agreement must have been so far executed that a refusal of full execution would operate as a fraud on the other party and place him in a situation which does not lie in compensation. Attention is likewise called to the tendency of modern cases to give compensation in damages, instead of specific performance.

From this outline statement of the facts, it is obvious that appellee in all respects measures up to the foregoing requirements. The record does not present a case of part performance, but a case of full performance of the contract on his part, accompanied by possession taken in pursuance of the terms of the contract. So all that remains

93

to be done is to invest him with the legal title, as it was the avowed purpose of J. C. Bounds to do—a purpose, the accomplishment of which was only prevented by his illness and death.

The only element of uncertainty in the transaction was the omission of the contract to state the price agreed to be paid, but that is immaterial since it indisputably appears that it had been fully paid.

In Pomeroy on Specific Performance, at section 94, the author says: "If it appears from the memorandum that the price has been paid or received the amount thereof need not be set forth, since that term of the contract having been already performed is no longer material."

It follows from these views that the decree appealed from must be affirmed.

*Affirmed.*